LOBRANO, Judge.
Defendant, Warren Holmes, was indicted by an Orleans Parish Grand Jury for the January 22, 1986, first degree murder of Jiles Pierce, a violation of La.R.S. 14:30(A)(4).[1]
Defendant was arraigned on April 2, 1986 and pled not guilty. On May 5, 1986, defendant filed a motion to quash the indictment arguing that La.R.S. 14:30(A)(4) contains a contractual element, and that the murder of a prosecution witness in a pending felony case against the murderer, does not constitute “anything of value” in satisfaction of that element. The trial court granted the motion, and the State appeals assigning one error:
The State contends the trial court erred in finding that there was an insufficient basis for the first degree murder indictment pursuant to La.R.S. 14:30(A)(4).
FACTS:
In June of 1985, defendant located Pierce in front of a neighborhood store around 12:25 p.m. Both men began to argue. Defendant drew a gun and shot Pierce four times. Several bystanders witnessed the *1113 shooting. One of them prevented the defendant from shooting Pierce in the head.
Defendant was subsequently charged with aggravated battery and a warrant issued for his arrest. Defendant turned himself in to police on September 12, 1985. He was subsequently released on a $10,000.00 bond. Defendant then launched a campaign of threats and harassment in an attempt to induce Pierce to “drop the charges”. Pierce informed the district attorney’s office of these threats. Defendant was arrested for carrying a gun, and released on bond despite the objections raised by the State based on the threats made to Pierce.
On January 22, 1986, defendant hid near Pierce’s parked car. Defendant shot Pierce five times as he got into his car. One eyewitness to the murder heard defendant mutter “It’s over now” as he left the murder scene.
The State argues that there was sufficient basis for the first degree murder indictment because defendant received “something of value” when he murdered Pierce, to wit, Pierce’s silence in the pending prosecution for aggravated battery. The State submits that in killing Pierce to procure what was clearly a thing of value to him, defendant fulfilled the requirements of La.R.S. 14:30(A)(4). We disagree.
Central to the State’s argument is the language of La.R.S. 14:2(2) which mandates that “anything of value” be given the broadest possible construction.[2] Read together, La.R.S. 14:30(A)(4) and La.R.S. 14:2(2) create a question as to legislative intent which is not readily discernible. Obviously, the legislative intent would be clear if the statute would read: “and had been offered or has received from a third 'person, anything of value for the killing.” However, a review of the revision comments and the jurisprudence provide no insight into the problem. The jurisprudence addresses only fact situations clearly involving murder-for-hire or murder-for-contract and does not specifically exclude or include fact situations such as the instant case. See, State v. Johnson, 438 So.2d 1091 (La.1983); State v. Richards, 426 So.2d 1314 (La.1982); State v. Ester, 458 So.2d 1357 (La.App. 2nd Cir.1984), writ den. 464 So.2d 313.
Common sense and logic must be applied. To accept the State’s position that by the phrase “anything of value” the legislature intended to include any motive for murder or any beneficial result accruing to the murderer would lead to absurd consequences. Everyone who kills has some motive for the act and from their own perspective receives some benefit, i.e. revenge, silence, lack of identification, profit etc. Therefore, every murder would constitute first degree murder. Such a conclusion would render meaningless our statutory scheme which provides for various degrees of homicide,the facts surrounding these homicides and the degree of punishment applicable thereof.
Code of Criminal Procedure Article 905.4, which defines aggravating circumstances, provides a good illustration of the effect of such an absurd result and also helps to discern legislative intent. Subsections (e) and (h) provide:
“(e) the offender offered or has been offered or given or received anything of value for the commission of the offense; (h) the victim was a witness in a prosecution against the defendant, gave material assistance to the state in any investigation or prosecution of the defendant, or was an eye witness to a crime alleged to have been committed by the defendant or possessed other material evidence against the defendant.
Clearly the legislature did not intend for the circumstances in subsections (e) and (h) to be included in one another as they chose to list each separately. Under the State’s theory of legislative intent, subsection (h) would be encompassed in the phrase “any *1114 thing of value contained m subsection (e), rendering subsection (h) redundant and surplus, which it clearly is not meant to be.
Thus, we reject the State’s argument and conclude that “anything of value” in subsection (4) of La.R.S. 14:30(A) is meant to cover the familiar murder-for-hire or murder-for-contract situation.
For the foregoing reasons, the judgment of the trial court quashing the first degree murder indictment is affirmed.
AFFIRMED.

. La.R.S. 14:30(A)(4) provides in pertinent part:
"A. First degree murder is the killing of a human being:
(4) When the offender has specific intent to kill or inflict great bodily harm and has offered, has been offered, has given, or has received anything of value for the killing.”

. La. 14:2(2) suggests that the term is not necessarily synonymous with the traditional legal term "property.”